IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00067-CMA

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1. Kurt Vasquez,**

    Defendant.

---

**UNOPPOSED MOTION FOR "ENDS OF JUSTICE" CONTINUANCE PURSUANT TO 18 U.S.C. §3161(H)(7)(A) AND TO VACATE CURRENT DEADLINES, HEARING AND TRIAL DATES**

---

Defendant **Kurt Vasquez,** through counsel, Joseph Saint-Veltri, respectfully moves the Court for the entry of an Order granting an "Ends of Justice" continuance pursuant to 18 U.S.C. § 3161(h)(7)(A); excluding 90 days from the computation of Speedy Trial Act Limits; extending the present motions filing deadlines; and vacating the Trial Preparation Conference/Change of Plea Hearing and presently scheduled trial dates.

**AS GROUNDS THEREFOR**, he states as follows:

**Conferral With Opposing Counsel**

1.    Undersigned counsel has conferred with Assistant United States Attorney Bryan Fields regarding the relief sought in this Motion.  AUSA Fields has authorized counsel to inform the Court that the Government has no objection to the relief sought herein. Counsel has also discussed this motion with Mr. Vasquez who concurs in the relief sought herein.

**Procedural History**

2.      The Indictment in this case was returned on February 20, 2020.

3.      Defendant first appeared before the Court on March 2, 2020 and tendered a plea of not guilty to the charges in the Indictment.   He was released from custody on a personal recognizance bond and directed to return to Court on March 3, 2020 to sign the bond paperwork.   (Doc. 6).

4.      The Discovery Order in this case set the following Speedy Trial Act Limits : the 30 day limit is April 1, 2020; the 70 day limit is May 11, 2020; the 90 day limit is May 31, 2020. (Doc. 7).

5.      On March 5, 2020, the Court entered a Scheduling Order. Pretrial motions were due on March 26, 2020. The Government's responses deadline is April 9, 2020. Counsel are to notify chambers of the necessity of an evidentiary hearing by March 28, 2020 A final Trial Preparation Conference/Change of Plea Hearing is set for April 23, 2020.   A five day Jury Trial is set to begin on May 4, 2020. (Doc. 12).

6.   On March 6, 2020, the Government filed an Unopposed Motion to Disclose Grand Jury Material and Otherwise Private Health Information to Defendant (Doc. 13). The Court granted the motion on March 10, 2020 (Doc. 14).   Presumably, this resulted in the exclusion of four days under Speedy Trial Act deadlines.

7.      On March 11, 2020, defendant's counsel filed a Motion to Withdraw (Doc. 16). On March 12, the Court entered an Order setting a hearing on the motion for March 18, 2020. (Doc. 17). On March 13, 2020, the Court entered an Order vacating the March 18,

2020 hearing. The Court directed counsel to contact the Court's chambers by April 6, 2020 to reschedule same. The Court further ordered that considering the Motion to Withdraw filed on March 11, 2020, the speedy trial clock is tolled. (Doc. 18).

8. On March 17, 2020, undersigned counsel entered his appearance on behalf of Defendant in this case (Doc. 19).

9. On March 31, 2020, the Court granted previous counsel's Motion to Withdraw and accepted undersigned counsel's Entry of Appearance.   (Doc. 20).

10. Consistent with the Court's March 13, 2020 Order, the time period from March 11, 2020 through March 31, 2020, or 21 days are excluded from Speedy Trial Act Limits. Presumably, 3 days, from March 6 through March 10, are also excluded, for a total of 24 days.

11. The 70 day Speedy Trial Act deadline presently stands at June 4, 2020 (May 11, 2020 plus 24 days).

12. An exclusion of an additional 90 days from the Speedy Trial Act deadline of June 4, 2020 would render the new 70 day Speedy Trial Act deadline September 2, 2020.

**Grounds in Support of Motion**

13. Undersigned counsel's meetings with his client and joint review of the discovery have been difficult to schedule and erratic because of the current CO-VID19 pandemic.

14. The discovery is quite voluminous. Aside from DEA investigative reports, there are 45,000 pages of records from Denver Health, almost all of which appear to be

pertinent to the charges. Thousands of these pages contain Protected Health Information that may be subject to the Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102–164.534, or to 42 U.S.C. § 1306, or other privacy protections**.** Counsel believes the more prudent course is for him to personally review this material, particularly individual patient records, with his client in person. Given the current stay-at-home orders entered and extended by the State of Colorado and City and County of Denver, such in person meetings are not possible at this time.

15. Other necessary defense tasks such as researching potential pre-trial motions, evaluating possible defenses and identifying potential defense witnesses must also be discussed with Mr. Vasquez.

16. It is likely that one or both parties will call expert witnesses in this case. Counsel requires additional time to identify and consult with potential defense experts and prepare any challenges to the Government's experts.

17. The present deadlines and trial date do not afford counsel enough time to fully explain to Mr. Vasquez the federal criminal trial, negotiation, plea and sentencing processes or the federal sentencing guidelines. These explanations are necessary so that Mr. Vasquez can make meaningful decisions and assist counsel in the preparation of his defense.

18. This request is not based on counsel's schedule or the press of other business. However, it is ineluctable that CO-VID19 has caused considerable disruption for counsel for all parties and the Court.  Undersigned counsel has experienced

disruption in the management of his law practice to such an extent that he will be unable to adequately prepare for trial by June 1, 2020.

19. It has only been seven days since the Court granted prior counsel's Motion to Withdraw. Given the nature of the charges and voluminous discovery, as well as the restrictions in place due to COVID-19, including the State of Colorado and City and County of Denver's "Stay at Home" orders and General Order 2020-3 entered on March 27, 2020 by the Chief Judge of the District of Colorado, limiting court proceedings through May 1, 2020, it would be unreasonable to expect counsel to be prepared to meet the present filing deadlines or be prepared for trial by June 1, 2020.

**Legal Authority**

20. 18 U.S.C. §3161(h)(7)(A) provides that in computing the time within which a trial must commence, a Court shall exclude a period of delay when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). In the present case, those factors are:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice ….
>
> and
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

5

See, 18 U.S.C. §1361(h)(7)(B) and *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

21. In addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). These factors are: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. I*d.* No single factor is determinative. *Id.*

22. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court. T*oombs*, supra, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1330 (2010).

**Argument:**

23. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and United States v. *West, supra*. Further, undersigned counsel believes that the requested continuance will serve the requested purpose.

24. The current restrictions in place to prevent the spread of COVID-19, compounded by counsel's recent entry into the case and the significant amount of discovery, as well as ongoing discussions with the Government, render counsel unable to provide effective assistance of counsel to Mr. Vasquez within the present speedy trial time limits, notwithstanding the exercise of due diligence.

25. The ends of justice served by granting the Motion outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

26. Mr. Vasquez is not requesting a finding of complexity under 18 U.S.C. § 3161 subsections (h)(7)(B)(ii) or (iii) at the present time, but rather, seeks a determination that the ends of justice will best be served by granting the requested continuance and further, that the failure to grant the requested continuance would result in a miscarriage of justice and deny counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

27. Undersigned counsel thus respectfully requests that this Court grant a 90 day ends of justice continuance, which shall be excluded from the speedy trial clock which currently stands at June 4, 2020; extend the present motions filing deadlines and vacate and continue the Final Trial Preparation/Change of Plea hearing date and jury trial.

**WHEREFORE**, Defendant requests that the Court grant the relief sought above, and any other and further relief that to the Court seems just and proper in the premises.

Respectfully submitted:

s/   Joseph Saint-Veltri_____
Joseph Saint-Veltri
Attorney at Law
1290 Williams Street, Suite 202
Denver, CO 80218
Tel: (303) 356-4438
Email: jsvlawoffice@gmail.com
Attorney for Defendant Kurt Vasquez

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2020, I electronically filed this *Motion for Ends of Justice Continuance and to Vacate Current Deadlines, Hearing and Trial Dates,* with the Clerk of Court using the ECF system which will send notice of this filing to the email addresses of all counsel of record.

I further certify that on April 7, 2020, I served the above motion on the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Defendant Kurt Vasquez, (Via email)

s/ Joseph Saint-Veltri
Joseph Saint-Veltri