**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00067-CMA

UNITED STATES OF AMERICA,

    Plaintiff,
v.

**1.  KURT VASQUEZ**,

    Defendant**.**

---

**UNOPPOSED MOTION TO APPEAR BY VIDEO TELECONFERENCE FOR
CHANGE OF PLEA HEARING**

---

**KURT VASQUEZ**, by his lawyer Joseph Saint-Veltri, files this unopposed motion requesting this Honorable Court enter an Order pursuant to the CARES Act and District Court General Order 2020-4, as extended by District Court General Order 2021-4, authorizing the use of video teleconferencing (VTC), and/or, if VTC is not reasonably available, telephone conferencing for the Change of Plea Hearing set for May 13, 2021.

**As Grounds** for this motion, he states and avers as follows:

1.   Undersigned counsel has inquired of AUSA Bryan Fields as to the Government's position on this motion. AUSA Fields has informed counsel that the Government does not object to the relief sought herein.

2.   On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

3. On April 6, 2020, Chief United States District Court Judge for the District of Colorado, Philip A. Brimmer, issued District Court General Order 2020-4, finding that emergency conditions due to the COVID-19 pandemic will materially affect the functioning of the courts within the District of Colorado. Chief Judge Brimmer also found that, pursuant to § 15002(b)(2) of the CARES Act, felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety. Finally, Chief Judge Brimmer recognized that the CARES Act authorizes judges in individual cases to conduct felony guilty pleas or sentencings by video teleconference, or by telephone conference if video teleconferencing is not reasonably available, where those judges find specific reasons that those cases cannot be further delayed without serious harm to the interest of justice, so long as the defendant consents after consultation with counsel.

4. On July 2, 2020, September 29, 2020, December 24, 2020, and March 21, 2021, Chief Judge Brimmer entered General Orders 2020-12, 2020-17, 2020-22 and 2021-4 respectively, authorizing felony plea hearings to be conducted electronically, such as by video teleconference, with the consent of the defendant after consultation with counsel, if the Court finds that the case cannot further be delayed without serious harm to the interest of justice.

5. On July 14, 2020, Mr. Vasquez filed a Notice of Disposition (Doc. 23). He is scheduled for a change of plea hearing on May 13, 2021 at 10:00 a.m.

6. The change of plea hearing has been continued twice because of risks associated with COVID-19 and Mr. Vasquez' preference to personally appear at the hearing (Doc. 25 and 26). At the time Mr. Vasquez relayed his preference to the Court, he and undersigned counsel anticipated that the danger from the COVID-19 virus would have abated by the continued hearing dates and therefore the risk of personally appearing in court for the hearing would be marginal.

7. Unfortunately, despite recent progress due to vaccination and greater adherence to mask-wearing and social distancing, the risks associated with COVID-19 remain, particularly due to the emergence of variant viruses, about which little is known. Mr. Vasquez and undersigned counsel believe that despite standard precautions, an in-person court appearance currently is not advisable.

8. For the safety of Mr. Vasquez and his counsel, Mr. Vasquez requests that they be permitted to appear via VTC for the change of plea hearing on May 13, 2021.

9. Mr. Vasquez submits that his felony change of plea hearing cannot be further delayed without serious harm to the interests of justice. The case has been pending for over a year. His change of plea hearing has been continued twice. While he is at liberty on bond, he faces the same stress as to the uncertainty of the outcome of his case and his future as do all defendants. Further delay would be injurious to his emotional well-being.

10. Undersigned counsel has thoroughly discussed the content of this motion with Mr. Vasquez, as well as Mr. Vasquez' right to appear in person for the hearing. Mr. Vasquez concurs with the relief sought herein, and consents to the Court conducting his

change of plea hearing electronically by video teleconferencing (VTC), and/or, if VTC is not reasonably available, by telephone conferencing and waives his right to appear at the hearing in person.

**WHEREFORE**, Mr. Vasquez respectfully requests the Court issue an Order permitting him and his counsel to appear at the May 13, 2021 change of plea hearing by video teleconference, or by telephone conference if video teleconferencing is not reasonably available, and for such other and further relief as to the Court seems just and proper.

Respectfully submitted:

s/ Joseph Saint-Veltri_____
Joseph Saint-Veltri
Attorney at Law
1290 Williams Street, Suite 202
Denver, CO 80218
Tel: (303) 356-4438
Email: jsvlawoffice@gmail.com
Attorney for Defendant Kurt Vasquez

### CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2021, I electronically filed this *Motion to Appear by Videoconference* with the Clerk of the Court using the ECF system which will send notice of this filing to the email addresses of all counsel of record.

I further certify that I have mailed or served the foregoing document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Kurt Vasquez   (via U.S. Mail)

s/ Joseph Saint-Veltri_____
Joseph Saint-Veltri